# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.D. & C.D.**

**No. 14-0665** (Calhoun County 13-JA-63 & 13-JA-64)

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Ryan M. Ruth, appeals the June 11, 2014, order of the Circuit Court of Calhoun County that terminated her parental rights to seventeen-year-old S.D. and sixteen-year-old C.D. The children's guardian ad litem, Tony Morgan, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its counsel Lee A. Niezgoda, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2013, the DHHR filed an abuse and neglect petition against petitioner, petitioner's husband, and two other adult parents who lived in the home. The petition alleged that all of the parents, subject children, and three other children lived in the same home when petitioner's husband was sexually abusing their daughter, S.D. The petition alleged that all four parents had knowledge of this sexual abuse and failed to protect S.D. and the other children from this abuse and incest. The petition alleged that, instead, the parents blamed S.D. for "bringing the sexual abuse upon herself." The petition also alleged that the parents threatened the children's health through their inability to supply them with a safe and stable home environment and through their inadequate health and dental care, as exhibited by their tooth decay, chronic head lice, and periods of hunger. The petition also alleged that due to the aggravated circumstances of sexual abuse, the DHHR was not required to offer services in the home.

After multiple adjudicatory hearings, including one in camera hearing with S.D., the circuit court adjudicated the parents as abusing parents and the children as abused and neglected children. The circuit court found that when the entire family previously resided together in Braxton County, there were multiple serious referrals and allegations made to Child Protective Services against the adults concerning incest and sexual misconduct; although investigations were made, the children were never removed from the home. The circuit court further found that sexual abuse against S.D., by her father, occurred when the family lived in Braxton County and continued when the family moved to Calhoun County, and was continuing at the time of the children's removal. The circuit court adjudicated petitioner and her husband based upon the

1

following: petitioner's husband was sexually assaulting S.D. in Braxton and Calhoun Counties and the abuse was ongoing at the time of the children's removal; not long after the abuse and neglect petition was filed, S.D. gave birth to her father's child; S.D. was sexually abused by an older brother on more than one occasion; petitioner's testimony that she did not know that S.D. was being sexually abused was not credible and that she took no action whatsoever to protect S.D. from the continuing sexual abuse when she knew or should have known it was occurring; petitioner and the other adult parents witnessed S.D.'s father physically assault S.D., which left S.D. with a black eye; the parents did not provide adequate health and dental care to the children; and the parents demonstrated an unwillingness to act and protect their children.

Thereafter, prior to the circuit court's dispositional hearing, petitioner filed a motion for an improvement period. The circuit court denied this motion and, following the dispositional hearing, terminated the parental rights of petitioner and her husband. The circuit court found that the serious sexual assault in petitioner's home made efforts to preserve the family unreasonable and impossible; that S.D.'s father would be a serious threat to any of the children in the home; and that petitioner displayed a lack of empathy for S.D., in that she continued to place some blame on S.D. for her father's sexual abuse against her. The circuit court further considered the objections of S.D. and C.D. who were over fourteen years old at the dispositional hearing, to the circuit court terminating petitioner and her husband's parental rights. After also finding that the parents lacked the ability to parent and protect the children, that there was no reasonable likelihood that the abuse and neglect could be substantially corrected, and that termination of parental rights was in the children's best interests, the circuit court terminated the parents' parental rights to her children S.D. and C.D. Petitioner now appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review of the record, we find no error in the circuit court's denial of petitioner's motion for an improvement period and its termination of petitioner's parental rights. We have held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily,*

208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.,* 206 W.Va. 478, 525 S.E.2d 669 (1999)). Under West Virginia Code § 49-6-12(b), a circuit court has the discretion to grant a subject parent a post-adjudicatory improvement period if the parent demonstrates by clear and convincing evidence that he or she would fully participate in an improvement period. West Virginia Code § 49-6-5(a)(7)(A) directs that the DHHR is not required to make reasonable efforts to preserve the family if the circuit court determines that the parent has subjected the children in the home to aggravated circumstances of sexual abuse. We have further recognized that an improvement period is futile if the subject parent has failed to acknowledge the existence of the problem. *W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996).

The record reveals that the family had a history of sexual abuse allegations in the home, including evidence that petitioner was notified by another adult in the home of sexual abuse against S.D. by an older brother, yet did nothing to remedy these circumstances. In addition, S.D. testified that petitioner asked her if S.D.'s father was sexually abusing her, petitioner and S.D.'s father would repeatedly fight about the sexual abuse against S.D., petitioner was present when S.D.'s father physically abused her to the point that she suffered a black eye, and that petitioner was present when S.D. and her father would leave the home for unexplained periods of time. Moreover, the officer who investigated the alleged abuse testified that S.D.'s father confessed that he told petitioner about the sexual abuse one week before he went to the police station to turn himself in; nevertheless, in the interim, petitioner continued to allow S.D. and the other children to remain in the same home as her husband. Petitioner testified that she did nothing wrong and that she would attend any services pursuant to an improvement period. The circuit court found that this evidence did not clearly and convincingly show that petitioner would fully participate in an improvement period. Therefore, the DHHR was not required to make reasonable efforts to preserve the family. Accordingly, we find no error to disturb the circuit court's denial of an improvement period to petitioner.

Petitioner also argues that the circuit court erred in terminating her parental rights because its findings did not comport with the evidence presented. We bear in mind the following:

> The term "knowingly" as used in West Virginia Code § 49–1–3(a)(1) (1995) does not require that a parent actually be present at the time the abuse occurs, but rather that the parent was presented with sufficient facts from which he/she could have and should have recognized that abuse has occurred.

Syl. Pt. 7, *W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Further, pursuant to West Virginia Code § 49-6-5(b), a parent who has demonstrated an inadequate capacity to solve the problems of abuse or neglect on his or her own or with help is evidence that there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Our review of the record shows that petitioner failed to protect S.D. from abuse by S.D.'s father, not only when she had suspicions of this abuse but also after petitioner's husband confessed the abuse. Further, the record reveals that petitioner failed to provide adequate health and dental care to her children, as exhibited by C.D.'s decaying teeth. This evidence supports the circuit court's findings that there was no reasonable likelihood that the conditions of child abuse and neglect could be substantially corrected and that the children's

welfare required termination. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the June 11, 2014, order of the Circuit Court of Calhoun County terminating petitioner's parental rights to her children S.D. and C.D.

Affirmed.

**ISSUED:** November 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II